UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| PRENTESS L. JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:17CV00097 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by Prentess L. Johnson, a person in federal custody. On August 9, 2016, Johnson pled guilty to the offense of Felon in Possession of a Firearm-Armed Career Criminal and Possession with Intent to Distribute Marijuana and, on November 8, 2016, this Court sentenced Johnson to the Bureau of Prisons for a term of 180 months on Count 1 and 60 months on Count 2, to be served concurrently, a sentence within the sentencing guideline range. Johnson's § 2255 action, which is based on several allegations of ineffective assistance of counsel, is fully briefed and ripe for disposition.

### I. FACTS

### A. The Indictment

On March 17, 2016, a grand jury in the Eastern District of Missouri, Southeastern Division, returned a two-count Indictment against Prentess L. Johnson (hereinafter

"Defendant"). (Case No. 1:16-CR-00034-SNLJ-1). Count I charged Defendant with being a previously convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Count II charged Defendant with possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). Doc. # 1. Attorneys Marc Johnson (hereinafter "Attorney Johnson") and Adam Fein subsequently entered their appearance to represent Defendant in the case. Defendant made his Initial Appearance before United States Magistrate Judge Abbie Crites-Leoni on March 23, 2016. Attorney Johnson appeared with Defendant at an arraignment two days later and entered a plea of not guilty to the charges. Doc. # 13. Magistrate Judge Crites-Leoni then scheduled a hearing on pretrial motions for a future date.

### B. **Pretrial Motions**

On May 20, 2016, Attorney Johnson filed a waiver of Defendant's right to file pretrial motions. Doc. # 22. On June 2, 2016, Defendant appeared with Attorney Johnson before Magistrate Judge Crites-Leoni and waived his right to file pretrial motions in open court. Doc. ## 24-25. The case was subsequently transferred to this Court.

### C. **Plea Agreement**

On August 9, 2016, Defendant appeared with Attorney Johnson and pled guilty to both counts in the Indictment. Doc. # 32. Defendant signed a written plea agreement in open court setting out the parties' understandings as to the disposition of the case. Doc. # 33 (Plea Agreement). In the agreement, the parties expressly acknowledged the possibility that Defendant may qualify as an Armed Career Criminal under 18 U.S.C. § 924(e) ("ACCA"). Plea Agreement, p. 2, 6, and 7. The Agreement specifically provided:

2

> With regard to Count I, the defendant understands that he may be subject to a mandatory minimum sentence of fifteen (15) years imprisonment pursuant to 18 U.S.C. § 924(e) (the "Armed Career Criminal Act"). The defendant is pleading guilty with full knowledge of this possibility, has discussed this possibility with counsel, and will not be able to withdraw the guilty plea if the Court determines the above-referenced statute applies to the defendant's sentence.

*Id.* at 2. The agreement further provided that "[i]n the event the Court determines that the defendant qualifies as an Armed Career Criminal, the parties agree to jointly recommend a sentence of fifteen (15) years imprisonment." *Id.* The agreement further provided that the parties remained free to litigate whether or not Defendant qualified as an Armed Career Criminal. Plea Agreement, p. 2, 6, and 7. Defendant also reserved the right to appeal any sentencing issues. *Id.* at 9. This Court ordered a Presentence Investigation Report and scheduled a sentencing hearing for November 8, 2016.

### D. **Presentence Investigation Report**

The United States Probation Office prepared the Presentence Investigation Report. Doc. # 36 ("PSR"). The PSR found that Defendant qualified as an Armed Career Criminal pursuant to 18 U.S.C. § 924(e). The PSR specifically identified three qualifying state convictions from Missouri serving as ACCA predicates: (1) a conviction for assault in the second degree from the Circuit Court of Pemiscot County, Missouri, in Case No. CR594760FX; (2) a conviction for possession of a controlled substance with intent to deliver from the Circuit Court of Pemiscot County, Missouri, in Case No. CR500-293FX; and (3) another conviction for possession of a controlled substance with intent to deliver from the Circuit Court of Pemiscot County, Missouri, in Case No. 08F2-CR00544-01. See PSR, ¶ 28.

3

As an Armed Career Criminal, the offense level was determined to be 33 pursuant to U.S.S.G. § 4B1.4(b)(3)(B). PSR, ¶ 28. A three level reduction for acceptance of responsibility resulted in a total offense level of 30. PSR, ¶ 31. The PSR further determined that Defendant's criminal history category was VI, resulting in an advisory guideline imprisonment range of 168-210 months. PSR, ¶ 84. Because the mandatory minimum term of imprisonment was 15 years, the range was adjusted to 180-210 months. *Id*.

Neither party filed objections to the PSR.

### E. Sentencing Hearing

On November 8, 2016, the parties appeared before the this Court for a sentencing hearing. This Court adopted the findings of the PSR and determined Defendant qualified as an Armed Career Criminal. Following the parties' joint recommendation, this Court sentenced Defendant to 180 months on Count I. This Court imposed a concurrent term of imprisonment of 60 months on Count II, followed by three years of supervised release. Doc. ## 38-40.

### F. Appeal

Defendant did not appeal his conviction or sentence.

### G. Petition for Post-Conviction Relief Pursuant to § 2255

Defendant subsequently filed a motion under 28 U.S.C. ' 2255, claiming that Attorney Johnson rendered ineffective assistance by failing to object to his status as an Armed Career Criminal. Defendant's claim is without merit.

## II. **INEFFECTIVE ASSISTANCE OF COUNSEL**

In order to prevail on a claim alleging ineffective assistance of counsel, the Movant has the burden of proving his or her claims for relief by a preponderance of the evidence. The Supreme Court of the United States set forth the standard to apply in such cases in *Strickland v. Washington*, 466 U.S. 668 (1984). There, the Supreme Court held that a Movant must plead and prove two related but independent issues. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S., at 687. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, *i.e.*, a trial whose result is reliable. *Id*.

Regarding the first prong of the *Strickland* test, the proper standard for attorney performance is that of reasonably effective assistance. As the Supreme Court explained, "[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id*., at 687-88. Recognizing the complexity and variety of issues that defense counsel must confront and address in any given case, the Supreme Court refused to adopt a standard that would implement an exhaustive set of detailed guidelines to evaluate attorney performance. Instead, the proper measure of attorney performance is simply reasonableness under prevailing professional norms. *Id*. The Supreme Court instructed:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Strickland*, 466 U.S., at 689 (citations and internal quotation marks omitted). The Supreme Court further instructed that a reviewing court "should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*, at 690.

The second prong of the *Strickland* test requires a Movant to prove that he or she was prejudiced by counsel's deficient performance. An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Id.*, at 691. The Supreme Court observed that "not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.*, at 693. Thus, it is not enough for the defendant to show that errors had some conceivable effect on the outcome of the proceeding. Rather, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Ibid.*

In evaluating an ineffectiveness claim, a reviewing court is not required to address both prongs of the *Strickland* test if the defendant makes an insufficient showing on one. As the Supreme Court instructed, a reviewing court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. "The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, … that course should be followed." *Id.*, at 697. Thus, if a reviewing court determines the alleged errors would have had no impact on the result of the proceeding, the claim of ineffectiveness must fail.

The Eighth Circuit has described the two-fold *Strickland* test as follows: "[w]hether counsel's performance was in fact deficient and, if so, whether the defendant was prejudiced by the inadequate representation. If we can answer 'no' to either question, then we need not address the other part of the test." *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

When evaluating counsel's performance, the court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S., at 689. Counsel's performance is considered objectively, and gauged "whether it was reasonable 'under prevailing professional norms' and 'considering all the circumstances.'" *Fields*, 201 F.3d at 1027 (quoting *Strickland*, 466 U.S., at 688). Counsel's challenged conduct is viewed as of the time of his representation and "we avoid making judgments based on hindsight." *Fields*, 201 F.3d at 1027. Again, a reviewing court's "scrutiny of counsel's performance must be

highly deferential." *Strickland*, 466 U.S., at 689.

## **Need for evidentiary hearing and burden of proof**

A motion filed under 28 U.S.C. § 2255 should be denied without an evidentiary hearing when the court records conclusively show that the movant is not entitled to relief. The statute provides, in pertinent part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court states:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

When a petition is brought under Section 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. In determining whether petitioner is entitled to an evidentiary hearing, the court must take many of petitioner's factual averments as true, but the court need not give weight to conclusory allegations, self-interest and characterizations, discredited inventions, or opprobrious epithets. *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). A hearing is unnecessary when a Section 2255 motion (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and the records of the case. *Id.*, at 225-26. *See also United States v. Robinson*, 64 F.3d 403 (8th Cir. 1995); *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, would entitle the movant to relief. *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). When all the information necessary for the court to make a decision with regard to claims raised in a 2255 motion is included in the record, there is no need for an evidentiary hearing. *Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993). An evidentiary hearing is unnecessary where the files and records conclusively show petitioner is not entitled to relief. *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989); *Dall v. United States*, 957 F.2d 571, 573 (8th Cir. 1992).

### III. <u>DISCUSSION</u>

#### <u>Introduction</u>

In his motion under 28 U.S.C. § 2255, Defendant alleges Attorney Johnson rendered ineffective assistance of counsel by failing to challenge his classification as an Armed Career Criminal under 18 U.S.C. § 924(e) ("ACCA"). Defendant maintains that his prior felony convictions do not qualify as ACCA predicates. Defendant's claims are without merit.

The Armed Career Criminal Act (ACCA) mandates that a person convicted of violating 18 U.S.C. § 922(g)(1) (felon in possession of a firearm) is subject to an enhanced sentence – including a mandatory minimum sentence of 15-years imprisonment - if such person has three or more convictions for either "violent felonies" or "serious drug offenses." As relevant here, the term "violent felony" includes any offense that "has

9

as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i) (commonly referred to as the "force clause"). The term "serious drug offense" includes "an offense under state law involving manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance, for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

Certified records of Defendant's prior convictions conclusively establish that he was properly designated as an Armed Career Criminal. Because Defendant did not object to the PSR's determination that he was an Armed Career Criminal, it was unnecessary for the government to introduce documentary evidence at the sentencing hearing to establish that he qualified as such. *See, e.g., United States v. Stymiest*, 581 F.3d 759, 768 (8th Cir. 2009) (government need not introduce documentary evidence at sentencing hearing if defendant fails to object to factual statements in PSR establishing predicate convictions). Nonetheless, the government has attached the relevant certified records of Defendant's state court convictions establishing his status as an Armed Career Criminal to its
 Response:

> Attachment A" are certified records from the Circuit Court of Pemiscot County, Missouri, in Case No. CR594760FX. These records reflect that Defendant was initially charged in a six-count Information along with three other co-defendants for offenses occurring on or about October 21, 1994. The original Information charged the four co-defendants with Murder in the First Degree, Assault in the First Degree, Attempted Robbery in the First Degree, and three counts of Armed Criminal Action. The records further reflect that on March 19, 1996, Defendant appeared with his attorney and pled guilty to Counts III and V of an Amended Information. Count III of the Amended Information provided that Defendant committed the class C felony of Assault in the Second Degree, in violation of Mo. Rev. Stat. § 565.060. The Amended Information to which Defendant pled guilty

10

specifically set forth that Defendant "attempted to cause physical injury to [victim] by means of a deadly weapon." Count V provided that Defendant committed the class C felony of attempted second-degree robbery. The records establish that Defendant was sentenced to serve seven (7) years in the Missouri Department of Corrections for the assault, and a consecutive one-year sentence for the attempted robbery.

Attachment B are certified records from the Circuit Court of Pemiscot County, Missouri, in Case No. CR500-293FX. These records reflect that on January 16, 2001, Defendant pled guilty to Count II of an Information which set forth that he committed the class B felony of possession of a controlled substance with intent to deliver, in violation of Mo. Rev. Stat. § 195.211. The charging document states that on or about March 10, 2000, Defendant "knowingly attempted to distribute more than five grams of marijuana, a controlled substance, knowing that it was a controlled substance." Defendant was sentenced to serve five (5) years in the Missouri Department of Corrections for this offense.

Attachment C are certified records from the Circuit Court of Pemiscot County, Missouri, in Case No. 08F2-CR00544-01. These records reflect that on October 7, 2008, Defendant pled guilty to an Information which set forth that he committed the class B felony of possession of a controlled substance with intent to deliver, in violation of Mo. Rev. Stat. § 195.211. The charging document states that on or about June 9, 2008, Defendant, "with the intent to deliver, possessed more than 5 grams of marijuana, a controlled substance, knowing of its presence and illegal nature." Defendant was sentenced to serve eight (8) years in the Missouri Department of Corrections for this offense.

Copies of these records were provided to Attorney Johnson in pre-trial discovery, and the government would have introduced these records at the sentencing hearing had there been an objection to the PSR. These records clearly demonstrate that Defendant qualified as an Armed Career Criminal. Any objections made by Attorney Johnson would have been meritless.

### **Defendant's conviction for assault in the second degree qualified as a "violent felony"**

In determining whether a prior conviction qualifies as a "violent felony" under the ACCA, the court considers the legal elements of the crime, not the particularities of how

11

the crime was committed on a specific occasion. *United States v. Brown*, 550 F.3d 724, 728 (8th Cir. 2008) (citing Begay v. United States, 553 U.S. 137 (2008)). In other words, sentencing courts must apply a "categorical approach," looking only to the elements of the offense as defined in the statute of conviction rather than the facts underlying the conviction. *See, e.g., United States v. Rice*, 813 F.3d 704, 705 (8th Cir. 2016).

When the elements of the statute of conviction are broader than the generic offense, however, the court must then determine if the statute is "divisible." *See Shepard v. United States*, 544 U.S. 13 (2005). A statute is "divisible" if it "comprises multiple, alternative versions of the crime." *Descamps v. United States*, 133 S. Ct. 2276, 2284 (2013). If at least one of the alternative versions qualifies as a crime of violence while another does not, courts may then employ what has come to be known as the "modified categorical approach." *Id*. This approach permits sentencing courts to consult a limited class of documents, such as charging instruments and jury instructions, to determine which alternative formed the basis of the defendant's conviction. *Shepard*, 544 U.S. at 26. If the *Shepard*-approved documents establish that a defendant was convicted of a crime satisfying the elements under the "force clause," then such a conviction will qualify as a "violent felony" under the ACCA.

Defendant pled guilty to the Missouri offense of assault in the second degree in violation of Mo. Rev. Stat. § 565.060 (1993). The version of this crime in effect at the time of Defendant's offense provided, in relevant part, as follows:

1. A person commits the crime of assault in the second degree if he:

(1) Attempts to kill or knowingly causes or attempts to cause serious physical injury to another person under the influence of sudden passion arising out of adequate cause; or

(2) Attempts to cause or knowingly causes physical injury to another person by means of a deadly weapon or dangerous instrument; or

(3) Recklessly causes serious physical injury to another person; or

(4) While in an intoxicated condition or under the influence of controlled substances or drugs, operates a motor vehicle in this state and, when so operating, acts with criminal negligence to cause physical injury to any other person than himself; or

(5) Recklessly causes physical injury to another person by means of discharge of a firearm.

Thus, there are a number of ways a person can commit the crime of assault in the second degree under Missouri law. Some alternative versions of the crime require a defendant to act "knowingly." Other versions require a defendant to act "recklessly." Yet another alternative requires proof of mere "criminal negligence." There can be no dispute that this particular statute is "divisible." Indeed, the Eighth Circuit has definitively held this very statute is divisible. *See, e.g., United States v. Vinton*, 631 F.3d 484-85 (8th Cir. 2011) (applying modified categorical approach to determine if a prior conviction for violating Mo. Rev. Stat. § 565.060 qualifies as a predicate crime of violence under the sentencing guidelines). Accordingly, the modified categorical approach may properly be employed to determine whether Defendant's conviction qualified as a violent felony. This means, of course, that this Court was permitted to review court records, including charging documents, in order to determine which statutory subsection served as the basis for Defendant's conviction.

Certified records from the Circuit Court of Pemiscot County, Missouri, in Case No.

CR594760FX, establish that Defendant pled guilty to Count III of an Amended Information charging him with committing the class C felony of assault in the second degree, in violation of Mo. Rev. Stat. § 565.060. The Amended Information to which Defendant pled guilty specifically stated that Defendant "attempted to cause physical injury to [victim] by means of a deadly weapon."

In *United States v. Alexander*, 809 F.3d 1029 (8th Cir. 2016), the Eighth Circuit unequivocally held that a conviction under this precise statutory subsection qualified as an ACCA predicate "violent felony." In reaching this conclusion, the Alexander Court examined a charging document containing language virtually identical to Count III of the Amended Information to which Defendant pled guilty. There, the charging instrument at issue stated that the defendant "attempted to cause physical injury to [victim] by means of a dangerous instrument." *Id*. at 1032. The Alexander Court determined that the language of the Information tracked the language of Mo. Rev. Stat. § 565.060.1(2), which proscribes "attempts to cause … physical injury to another person by means of a deadly weapon or dangerous instrument." The Alexander Court held that a conviction under this subsection qualifies as an ACCA predicate violent felony because it necessarily involves the "attempted use" of physical force against another. *Id*.

In so holding, the Alexander Court rejected the defendant's contention that Missouri's attempt statute was over-inclusive. The Court found that the Missouri "attempt statute requires only a showing that [a] defendant's purpose was to commit the underlying offense and that defendant took a substantial step toward its commission." *Id*. at 1033 (quoting *State v. Faruqi*, 344 S.W.3d 193, 202 (Mo banc 2011)). Accordingly, the

14

Alexander Court held that an attempted second-degree assault under Mo. Rev. Stat. § 565.060 requires the "attempted use … of physical force" and therefore meets the standard set forth in the force clause at 18 U.S.C. § 924(e)(2)(B)(i).[1]

*Alexander* was decided by the Eighth Circuit on January 11, 2016. Defendant's sentencing hearing took place on November 8, 2016, some ten months later. This means, of course, that Alexander was – and still is – binding precedent on the district courts in this Circuit. Attorney Johnson did not render ineffective assistance of counsel by failing to object to the application of Defendant's felony assault conviction as an ACCA predicate offense.[2]

<u>Defendant's convictions for violating Mo. Rev. Stat. § 195.211 qualified as "serious drug offenses"</u>

Defendant's two remaining convictions were for violations of Mo. Rev. Stat. § 195.211. That statute provides:

> [i]t is unlawful for any person to distribute, deliver, manufacture, produce, or attempt to distribute, deliver, manufacture or produce a controlled substance or to possess with intent to distribute, deliver, manufacture, or produce a controlled substance.

Mo. Rev. Stat. § 195.211.1. A violation of this statute is a class B felony, punishable by up to fifteen (15) years imprisonment.[3] Mo. Rev. Stat. § 558.011.1(2). Under the ACCA,

---

[1] On August 21, 2017, Defendant filed a supplemental memorandum drawing the Court's attention to *United States v. Fields*, --- F.3d ---, No. 16-4140 (8th Cir. July 20, 2017). See Doc. # 4. That particular case involved a conviction under a completely different subsection of the assault statute proscribing "reckless" conduct. The holding in *Fields* has no applicability to this case.

[2] Defendant also asserts that his conviction for attempted second-degree robbery was not a "violent felony." See Doc. # 2, at 4. However, the PSR did not identify this particular conviction as an ACCA predicate, nor did the district court apply it as such. This conviction has no bearing on the issues before this Court.

[3] If the offense involves the distribution of not more than five grams of marijuana, it is considered a class C felony

15

the term "serious drug offense" includes "an offense under state law involving manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance, for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

The Eighth Circuit has consistently held that a conviction for violating Mo. Rev. Stat. § 195.211 qualifies as an ACCA predicate "serious drug offense." *See United States v. Brown*, 408 F.3d 1016, 1018 (8th Cir. 2005) (finding that convictions for violating Mo. Rev. Stat. § 195.211 qualified as a "serious drug offenses" for purposes of ACCA); *Griffin v. United States*, 617 Fed.Appx. 618 (8th Cir. 2015) (per curiam) (unpublished). *See also United States v. Twiggs*, 678 F.3d 671 (8th Cir. 2012) (conviction for "possession with intent to distribute" pursuant to Mo. Rev. Stat. § 195.211 qualifies as a "controlled substance offense" under the sentencing guidelines).

Attorney Johnson did not render ineffective assistance of counsel by failing to object to this Court's findings that Defendant's prior convictions for violating Mo. Rev. Stat. § 195.211 qualified as "serious drug offenses." Such an objection would not have been successful in light of the binding precedent referenced above.

## CONCLUSION

For the foregoing reasons, the § 2255 Petition is dismissed.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of

---

punishable by up to seven (7) years imprisonment. Mo. Rev. Stat. § 195.211.4. The records are clear that both of Defendant's convictions were class B felony offenses. See Attachments B and C.

appealability because Johnson has not made a substantial showing of the denial of a federal constitutional right.

Dated this 26th day of September, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE